# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| JULIANN BREYER,<br>Plaintiff, | Case No. 1:13-cv-537 |
| vs. | Dlott, J.<br>Litkovitz, M.J. |
| XAVIER UNIVERSITY, et al.,<br>Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, a resident of Cincinnati, Ohio, brings this action against Xavier University and Xavier University president, Michael Graham. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a

violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Hill,* 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678 (citing

*Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's complaint includes the following allegations:

> Since June 6, 2001 I have been routinely harassed by Xavier University which include[s] President Michael Graham. He gained access into my house and installed cameras or closed circuit into my television. I have had property damage to my vehicles e[tc . . .]. While working at Xavier they sent me out on a call and discharged a firearm in close proximity to me. From what I understand they have been broadcasting the c.c. TV to the whole country by way of closed circuit. My privacy has been violated daily since approximately 2002- February. I would like my life back. While sleeping, someone entered my home and touched my feet. I believe all this was under the direction of Michael Graham S.J. Xavier University.

(Doc. 1, p. 3). For relief, plaintiff makes the following requests:

> I would like to have my constitutional rights given back to me.
>
> Any and all proceeds are to be donated to the St. Jude's Children Miracle Network. I do not wish to profit from my law suit.

*Id.* at 4.

In this case, plaintiff has failed to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction. To the extent plaintiff seeks to invoke the diversity jurisdiction of the Court, the complaint reveals such jurisdiction is lacking. A district court has jurisdiction over a suit between citizens of different states when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). For a federal court to have diversity jurisdiction pursuant to section 1332(a), the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete

3

diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996), citing *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 531 (1967). In other words, for complete diversity to exist the plaintiff must be a citizen of a different state than each of the defendants. *Caterpillar*, 519 U.S. at 68; *Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967). In the absence of complete diversity, the Court lacks subject matter jurisdiction. *Caterpillar*, 519 U.S. at 68.

There is no complete diversity of citizenship in this case. Plaintiff and defendants are Ohio citizens. Accordingly, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship.

Nor does the complaint allege a violation of federal law. District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing his claim arises under federal law. A case arises under federal law when an issue of federal law appears on the face of a well-pleaded complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

In this regard, plaintiff's complaint fails to state a claim for relief under 42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege facts showing 1) the deprivation of a right or privilege secured by the Constitution or laws of the United States, and 2) the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Plaintiff's complaint fails to allege facts that defendants acted under state law for purposes of § 1983 liability.

In any event, the complaint provides no factual content or context from which the Court may reasonably infer that the defendants violated plaintiff's rights. Plaintiff's factual allegations

4

rise to the level of the delusional, irrational and "wholly incredible." Accordingly, the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be dismissed be dismissed under 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. See *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 8/8/13

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JULIANN BREYER,
    Plaintiff,

vs.

XAVIER UNIVERSITY, et al.,
    Defendants.

Case No. 1:13-cv-537

Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Juliann Breyer
   4439 Duneden Avenue
   Cinti, OH 45236

2. Article Number
   (Transfer from service label)

   7011 3500 0001 5345 9282

PS Form 3811, February 2004

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X ☒ Agent
   ☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

Domestic Return Receipt                102595-02-M-1540